UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VON THURY,<br>　　　　Plaintiff,<br>　　v.<br>DORIS S. VON THURY, et al.,<br>　　　　Defendants. | Case No. 17-cv-00637-MEJ<br><br>**ORDER DENYING MOTION TO DISQUALIFY AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 12 |

Pending before the Court is Plaintiff Thomas Von Thury's Motion to Disqualify Counsel and for Sanctions. *See* Mot., Dkt. No. 12. Defendants Cecile Von Thury Nagy Wahl, Doris Von Thury, and Klaus Wahl (collectively, "Defendants") filed an Opposition (Dkt. No. 14), and Plaintiff filed a reply (Dkt. No. 16)[1].

The Court finds the Motion suitable for disposition without oral argument and accordingly VACATES the hearing scheduled for August 3, 2017. *See* Civ. L.R. 7-1(b); Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **DENIES** Plaintiff's Motion in its entirety.

**A.　Motion to Disqualify**

Attorney Jerome Synold represents Defendants in this action. *See* Opp'n. Plaintiff asks the Court to disqualify Synold, arguing Synold sent Plaintiff a misleading email that did not disclose he represents Defendants, thereby violating California Rule of Professional Conduct 1-400. *See* Mot.; *see also* Von Thury Decl. ¶¶ 4-11, Dkt. No. 12-1. Plaintiff does not attach the misleading email in question "due to the way Mr. Synold's website was configured." Von Thury

---

[1] Defendants also filed a sur-reply without seeking leave to do so. *See* Dkt. No. 17. Absent approval of the Court, sur-replies are not permitted (*see* Civ. L.R. 7-3(d)), and the Court therefore will not consider this document.

Decl. ¶ 12. Plaintiff does not explain the basis for his belief that the configuration of Synold's website affected Plaintiff's ability to retain emails sent to Plaintiff's own email address. He declares that, upon being informed by "a lawyer in Germany" that Synold represents Defendants, he "realized that Mr. Synold had been deceptive and that [Plaintiff] could very easily have disclosed confidences to him before learning the truth." *Id.* ¶ 10. It is unclear why Plaintiff would have disclosed confidences to Synold, given his representation he deleted Synold's email as spam. *Id.* ¶ 8. In opposition, Defendants attach what Synold declares are true and correct copies of the only correspondence Synold sent Plaintiff before answering the Complaint.[2] *See* Opp'n at 4-5; *id.*, Ex. A (cover email), Ex. B (letter); Synold Decl. ¶¶ 2-4, Dkt. No. 14. The letter explains Plaintiff's attempts to serve Defendants were defective, and that the letter "shall serve as an attempt to meet and confer with you regarding your attempted service of process. . . . [and] as an attempt to advise you of the defects associated with your intended service of process thereby allowing you to rectify the defects should you choose to do so." *Id.*, Ex. B. While Plaintiff is correct the letter does not explicitly state Synold represents Defendants, the Court finds that this is the only reasonable interpretation of the letter. The Court specifically disagrees with Plaintiff's argument that "it was perfectly reasonable from the content of Mr. Synold's email and the surrounding circumstances that it be understood as a solicitation for offering legal services which is why Plaintiff deleted it." Mot. at 5. This argument is especially poorly taken given that Plaintiff has been "a practicing lawyer for over 40 years in multiple jurisdictions and courts" (*id.*) and the letter repeatedly mentions it is an attempt to meet and confer regarding the deficiencies of the Complaint and service thereof.

Plaintiff has not shown Synold's letter contained any untrue statement; contained any matter which tends to confuse, deceive, or mislead the public; omitted to state any fact necessary

---

[2] In his Reply, Plaintiff declares the letter Defendants attached is not the correspondence he received, although he acknowledges it bears "definite similarities" to the document he recalls receiving. *See* Suppl. Von Thury Decl. ¶ 2. Besides stating the letter he recalls receiving did not contain any references to "meeting and conferring", he offers no further detail to support his contention the letter Synold swears is a true and correct copy of the document he emailed Plaintiff is not that.

2

to make the statements made, in light of the circumstances under which they are made, not misleading to the public; or failed to clearly indicate "expressly, or by context" that it is a communication or solicitation. *See* Mot. at 5 (quoting Rule 1-400(1)-(4)). Synold's inclusion of a standard polite closing inviting Plaintiff to contact him to discuss the contents of the letter does not "clearly" establish the letter is a solicitation. *See* Reply at 2. Plaintiff accordingly has not established any violation of Rule 1-400. The Court therefore DENIES the request to disqualify Synold as Defendants' attorney in this action.

### B. Plaintiff's Motion for Sanctions

Plaintiff asks the Court to award him sanctions because Defendants declined to accept informal service of the Complaint and Plaintiff was forced to incur the expenses of serving Defendants pursuant to the requirements of the Hague Convention. Plaintiff may be able to recover the costs of international service if he prevails in this action; he may not recover these costs as a sanction for Defendants' insistence that Plaintiff follow the Hague Convention requirements for international service. *See* Fed. R. Civ. P. 54(d); Civ. L.R. 54-3 ("Fees for service of process by someone other than the marshal acting pursuant to Fed. R. Civ. P. 4(c), are allowable to the extent reasonably required and actually incurred."). Moreover, Plaintiff recognizes that the mandatory cost shifting provision contained in Rule 4(d)(2) is inapplicable in this instance because Defendants are not located in the United States. Mot. at 7. The Court DENIES Plaintiff's request for sanctions. If he prevails in the action, he may seek to recover these costs at the conclusion of the suit.

### C. Defendants' Request for Sanctions

Defendants include in their Opposition a request for sanctions based on Plaintiff's violation of Federal Rule of Civil Procedure 11. This is not procedurally proper. *See* Civ. L.R. 7-8. The Court denies without prejudice Defendants' request.

The Court ORDERS Plaintiff to review Federal Rules of Civil Procedure 1 and 11, and ORDERS all parties to review the Local Rules of this Court.

**IT IS SO ORDERED.**

Dated: July 12, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge